# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**THOMAS WILLIAM BROWNING,**

    **Movant,**

**v.**                                                                                **Case No. 2:16-cv-05831**
                                                                                **Case No. 2:98-cr-00134-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Second or Successive Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 104). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On October 1, 1998, Movant, Thomas William Browning (hereinafter "Defendant") pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846. (ECF No. 17). On July 7, 1999, Defendant was sentenced to 360 months in prison, followed by a five-year term of supervised released. (ECF No. 39 at 2-3). Defendant's sentencing guideline calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") for being a career offender, because he had at least two prior felony convictions that were either "crimes of violence" or "controlled

substance offenses" as defined in USSG 4B1.2.[1] The career offender enhancement increased Defendant's guideline level to a 37 (before a three-level reduction for acceptance of responsibility), and his criminal history category to a VI. Defendant did not object to the finding that he was a career offender at that time.

Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit. However, on July 5, 2000, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("first section 2255 motion"), which was denied on February 24, 2003. Order, *Browning v. United States*, No. 2:00-cv-00569, ECF Nos. 76, 77 (Feb. 24, 2003). The Fourth Circuit denied a certificate of appealability and dismissed Defendant's appeal of the denial of his first section 2255 motion on November 17, 2003. *United States v. Browning*, No. 03-6713, 2003 WL 22707489 (Nov. 17, 2003). Defendant's petition for rehearing and rehearing en banc was denied on January 28, 2004. (ECF No. 88). Defendant's petition for a writ of certiorari was also denied. *Browning v. United States*, No. 03-10437, 543 U.S. 834 (2004).

On June 14, 2016, the Office of the Federal Public Defender was appointed to represent Defendant to determine whether he qualifies for any relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[2] Although Defendant was not sentenced under

---

[1] Specifically, Defendant had a 1986 West Virginia conviction for possession of marijuana with intent to deliver, and a 1992 West Virginia conviction aggravated robbery. (ECF No. 104 at 3).

[2] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§

the ACCA, the career offender guideline under which he was sentenced contains a similar residual clause. *See* USSG § 4B1.2(a)(2). On June 27, 2016, the Fourth Circuit authorized Defendant to file a second or successive section 2255 motion under 28 U.S.C. § 2244. (ECF No. 103). On that same date, Defendant, by counsel, filed the instant Second or Successive Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 104).

The second section 2255 motion asserts that Defendant is entitled to relief under *Johnson* because, absent the application of the residual clause therein, his aggravated robbery conviction no longer qualifies as a "crime of violence" under the career offender guideline. However, the Supreme Court and Fourth Circuit have subsequently held that *Johnson* is not applicable to the United States Sentencing Guidelines.

On November 9, 2016, the United States of America filed a Response to Defendant's second or successive section 2255 motion. (ECF No. 112). On February 7, 2017, Defendant filed a Reply. (ECF No. 113).[3] On March 29, 2017, Defendant filed a Supplemental Memorandum in support of his second or successive section 2255 motion (ECF No. 114), arguing that the Supreme Court's decision in *Beckles* does not prohibit a *Johnson* claim brought by a defendant, such as Defendant herein, who was sentenced under a mandatory, as opposed to an advisory, guideline scheme.

---

922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

[3] In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), addressed *infra*, the undersigned finds it unnecessary to specifically address the arguments contained in the Response and Reply, which pre-dated the Supreme Court decision.

## ANALYSIS

Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Defendant's Supplemental Memorandum argues that the Supreme Court's decision in *Beckles* addressed a vagueness challenge only with respect to the advisory Guidelines, and that such ruling is inapposite to defendants who were sentenced under a mandatory Guideline scheme (*i.e.,* before *United States v. Booker*, 543 U.S. 220 (2005)). Thus, Defendant asserts that defendants sentenced under those circumstances should still be able to pursue relief concerning a Guideline enhancement under *Johnson*.

However, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive

4

collateral review of a guideline sentence thereunder. Therefore, *Johnson* is inapplicable to Defendant's case and affords him no relief, regardless of whether he was sentenced under a mandatory guideline scheme. Additionally, because *Johnson* is inapplicable to Defendant's claim, his section 2255 motion is otherwise untimely, as it was filed well more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1).

## RECOMMENDATION

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Second or Successive Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 104) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 10, 2018

Dwane L. Tinsley
United States Magistrate Judge